UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEN PAXTON, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
TEXAS, ET AL.,

    Plaintiffs,

v.

                                       **No. 4:22-cv-0143-P**

MARVIN RICHARDSON, IN HIS OFFICIAL
CAPACITY AS ACTING DIRECTOR, BUREAU
OF ALCOHOL, TOBACCO, FIREARMS, AND
EXPLOSIVES,

    Defendant.

## ORDER

Before the Court is Plaintiffs David Schnitz, Tracy Martin, and Floice Allen's unopposed Motion to Proceed Without Local Counsel ("Motion"). ECF No. 6. Local Rule 83.10(a) requires the appearance of local counsel where counsel of record for a party does not reside in this district or maintain their principal office in this district. N.D. TEX. R. 83.10(a). Having considered the complaint and this Court's practice of strictly enforcing the Local Rules,[1] the Court concludes that the Motion should be, and is hereby, **DENIED**.

---

[1]This Court, like all of the judges of the Fort Worth Division, has a long and consistent history of requiring litigants to strictly adhere to the Local Rules. *See, e.g.*, *Six Flags Ent. Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:21-CV-00670-P, 2021 WL 2064903, at *1 (N.D. Tex. May 21, 2021) (Pittman, J.) (dismissing lawsuit without prejudice for failure to comply with Local Rule 83.10(a) requiring local counsel); *United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel); *Robert Cook & Associates, Inc. v. Illinois Nat'l Ins. Co.*, No. 7:09-CV-141-O, 2010 WL 11619707, at *1 n.1 (N.D. Tex. Aug. 19, 2010) (O'Connor, J.) (admonishing defense counsel that "disregard of the Local Rules is burdensome for those required to analyze and adjudicate Defendant's motion" and ordering counsel "to file a statement notifying the Court . . . why they failed to comply with the local rules and whether this failure should result in the forfeiture of their right to practice in the Northern District of Texas"); *Harper v. Am. Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL

Accordingly, no later than **March 15, 2022**, Plaintiffs shall file the entry of appearance of local counsel satisfying the requirements of Local Rule 83.10(a). Failure to do so may result in the imposition of sanctions without further notice.

**SO ORDERED** on this **1st day** of **March, 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

4858050, at \*1–2 (N.D. Tex. Dec. 16, 2009) (Means, J.) (denying motion to declare class-certification motion timely because plaintiff failed to comply with Local Rule 23.2 and "once on this Court's docket the case becomes subject to this Court's local rules").