**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEN PAXTON, in his official capacity as** | § | |
| **Attorney General of Texas,** | § | |
| **DAVID SCHNITZ,** | § | |
| **TRACY MARTIN, and** | § | |
| **FLOICE ALLEN,** | § | |
|     *Plaintiffs,* | § | |
| | § | |
| | § | |
| vs. | § | **Civil Action No. 4:22-cv-00143-P** |
| | § | |
| **STEVEN M. DETTELBACH, in his** | § | |
| **Official Capacity as Director, Bureau of** | § | |
| **Alcohol, Tobacco, Firearms and Explosives,** | § | |
| **and** | § | |
| **MERRICK B. GARLAND, in his** | § | |
| **Official Capacity as Attorney General** | § | |
| **of the United States,** | § | |
|     *Defendants.* | § | |

**JOINT REPORT**

Pursuant to this Court's July 26, 2022 Order, the parties file this Joint Report.

1. **Statement detailing scheduling conference**.

A Scheduling Conference was held at the offices of the United States Department of Justice, at 1100 L Street NW, Washington, DC 20005, on August 25, 2022. Present at the conference were Tony McDonald, attorney for Plaintiffs Schnitz, Martin, and Allen, Charles Eldred, attorney for Plaintiffs Paxton and the State of Texas, and Emily Nestler, attorney for Defendants. Settlement was discussed, but no agreement could be reached, and none is expected.

2. **Brief statement of claims and defenses.**

Plaintiffs' position: Plaintiffs assert that certain provisions of the National Firearms Act (the "NFA"), which regulate and tax the making of firearm suppressors, are unconstitutional as applied to firearm suppressors built in Texas for non-commercial, personal use in Texas. Making

1

firearm suppressors in Texas for non-commercial, personal use in Texas is conduct protected by the Second Amendment, and the Government cannot demonstrate that those regulations are consistent with the Nation's historical tradition of firearms regulation under *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022). The regulations are exercises of the Taxing Power, but the Anti-Injunction Act does not divest the Court of jurisdiction because (1) Plaintiffs are irreparably harmed and Defendants have no change of ultimately prevailing under the *Enochs* exception and (2) the AIA does not apply to the application process, the serial number requirement, or the registration requirement.

Defendants' position: Defendants' maintain that this case should be dismissed for several reasons, as set forth in their pending Motion to Dismiss the Second Amended Complaint, ECF No. 26, and the accompanying reply brief, ECF No. 30. Specifically, Defendants argue that: (1) this case should be dismissed in its entirety for lack of jurisdiction because the Anti-Injunction Act, 26 U.S.C. § 7421, bars all of Plaintiffs' claims; (2) Texas lacks standing because it has alleged no cognizable injury; and (3) Plaintiffs have failed to state a claim under the Second Amendment. With respect to the merits of Plaintiffs' claims, Defendants' position is that the Second Amendment does not apply to suppressors, based on the text and history of the Second Amendment. And, even if the Second Amendment applied to suppressors, the NFA's requirements would still survive Second Amendment scrutiny because they are "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2111.

3. **Proposed time limit to amend pleadings and join parties.**

   The parties agree there should be no further amendments without leave of court.

4. **Proposed time limit to file various types of motions, including dispositive motions.**

   Plaintiffs believe all such motions should be filed on or before June 30, 2023.

Defendants maintain that setting a deadline for motions practice is premature. Defendants' pending motion to dismiss raises jurisdictional questions about whether any of Plaintiffs' claims are properly before the Court, and whether Texas has standing to continue as a Plaintiff in this case if it proceeds. Defendants believe the Court's decision on that motion will provide necessary information about whether and to what extent this case proceeds at all. Accordingly, resolution of the pending motion to dismiss will necessarily impact the timeline for any potential dispositive motions.

5. **Proposed time limit for initial designation of experts and responsive designation of experts.**

Plaintiffs believe initial designation of experts should be on or before March 31, 2023, with responsive designation of experts on or before May 1, 2023.

Defendants maintain that discovery is not necessary or appropriate in this case, including expert discovery. *See infra* ¶ 7. Moreover, to the extent discovery is permitted in this case, Defendants maintain that any schedule for that discovery is premature at this time. *Id.*

6. **Proposed time limit for objections to experts.**

Plaintiffs believe objections should be served on or before June 30, 2023.

Defendants maintain that discovery is not necessary or appropriate in this case, including expert discovery. *See infra* ¶ 7. Moreover, to the extent discovery is permitted in this case, Defendants maintain that any schedule for that discovery is premature at this time. *Id.*

7. **Proposed plan and schedule for discovery**.

The parties disagree on whether discovery is necessary or appropriate in this case and, if so, when discovery should commence. The parties met and conferred on this issue and could not reach an agreement on this point. Accordingly, the parties request a conference with the Court

regarding next steps as to how the Court would prefer to resolve this disagreement. To aid in that process, a summary of each party's position is set forth here.

Plaintiffs' position: Plaintiffs believe discovery should proceed as soon as possible. Plaintiffs further believe they can complete any necessary discovery, including expert discovery, by May 31, 2023. Plaintiffs believe discovery is necessary, in particular, with regard to delays by BATFE in processing Form 1 applications and with regard to defenses Defendants are anticipated to raise, such as the dangerous and unusual weapon exception.

Defendants' position: Defendants maintain that any decision regarding whether discovery should proceed in this case, and what the scope of any such discovery should be if it were to occur, is premature and should be stayed pending resolution of Defendants' pending Motion to Dismiss. Defendants' Motion to Dismiss raises jurisdictional questions about whether any of Plaintiffs' claims are properly before the Court, and whether Texas has standing to continue as a Plaintiff in this case if it proceeds. The Court's decision on that motion will provide necessary information about whether and to what extent this case proceeds at all, as well as the scope of any remaining claims. *See, e.g.*, *Johnson v. Ashmore*, No. 3:15-2475-K, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided). Resolution of the pending Motion to Dismiss will necessarily inform the scope of and timeline for any discovery.

Moreover, Defendants do not agree that discovery is necessary or appropriate in this case if it moves forward. To the extent any of Plaintiffs' claims are properly before this Court, any operative claims turn on legal questions about the text and history of the Second Amendment. With respect to Plaintiffs' claims regarding alleged "delays by BATFE in processing  Form 1 applications" (referenced in particular by Plaintiffs above), Defendants' position is that discovery

4

into those claims is not necessary or appropriate because those claims are not properly before this Court. None of the Plaintiffs in this case have alleged that they filed an application to make a suppressor, much less that ATF has delayed or denied their applications in violation of the Second Amendment. *See* ECF No. 30 at 4. Accordingly, if the Court is inclined to enter a discovery schedule, Defendants request that the Court first schedule briefing to address whether discovery should occur in this case at all and, if so, to what extent.

8. **Proposed limitations on discovery.**

Plaintiffs propose no limitations except those specified in the Federal Rules of Civil Procedure.

Defendants maintain that discovery is not necessary or appropriate in this case. *See supra* ¶ 7. Moreover, to the extent discovery is permitted in this case, Defendants maintain that any order setting the parameters for that discovery is premature at this time. *Id.*

9. **Statement on electronically stored information (ESI) discovery.**

Subject to general disputes on discovery, in the event discovery proceeds, the parties agree ESI records, if any, will be produced in .pdf format with meta data only produced when requested for a specific record and decided on a case-by-case basis.

10. **Proposed handling and protection of privileged material.**

The parties agree to jointly propose a protective order that comports with the Privacy Act, 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), in the event discovery proceeds.

11. **Proposed trial date.**

Plaintiffs propose a bench trial of two days be scheduled for <u>November 6, 2023.</u>

Defendants believe that this case can and should be resolved through dispositive motions, and that trial is not necessary or appropriate in this matter.

12. **Proposed Mediation Deadline**.

The Parties do not believe that mediation will be fruitful in this matter and would request they be relieved of the obligation to mediate. If mediation is ordered, the parties propose a deadline of 30 days before any deadline for dispositive motions.

13. **Statement regarding disclosures under Fed. R. Civ. P. 26(1).**

Plaintiffs served initial disclosures on September 9, 2022.

Defendants maintain that discovery is not necessary or appropriate in this case, including initial disclosures. *See supra* ¶ 7. Because Defendants do not agree that any discovery would advance this case, they are unable to identify "individual[s] likely to have discoverable information" or documents that they "may use to support [their] defenses." Fed. R. Civ. P. 26. Moreover, to the extent discovery is permitted in this case, initial disclosures are premature while Defendants' Motion to Dismiss is pending. *See infra* ¶ 7; *see, e.g.*, *Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012) (finding that "production of initial disclosures is premature pending the resolution of [defendant's] motion to dismiss").

14. **Statement regarding trial before U.S. Magistrate Judge.**

The Parties do not agree that the case should be tried before a Magistrate Judge.

15. **Statement regarding conference with Court.**

The parties met and thoroughly discussed these matters but have a fundamental disagreement about the nature of this case and how it should proceed. Therefore, the parties request a conference with the Court regarding next steps and in order to discuss how the Court would prefer to resolve this disagreement. *See supra* ¶ 7.

16. **Other proposals regarding scheduling and discovery.**

The parties reiterate that they believe a conference with the Court would be beneficial in order for the Court to provide guidance as to how it would prefer to resolve the parties' disagreement about whether, when, and to what extent discovery should proceed in this case.

Dated September 9, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

AARON F. REITZ
Deputy Attorney General for Legal Strategy

*/s/ Charles K. Eldred*
CHARLES K. ELDRED
Special Counsel for Legal Strategy
Texas Bar No. 00793681

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P. O. Box 12548
Austin, Texas 78711-2548
(512) 936-1706
charles.eldred@oag.texas.gov

***Attorneys for Ken Paxton,***
***Attorney General of Texas***

*/s/ Tony K. McDonald*
TONY K. McDONALD
State Bar No. 24083477

GARRETT MCMILLAN
State Bar No. 24116747

THE LAW OFFICES OF TONY MCDONALD
1501 Leander Dr., Suite B2
Leander, Texas 78641
(512) 200-3608 • fax (815) 550-1292
tony@tonymcdonald.com

WARREN V. NORRED
State Bar No. 24045094

NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
(817) 704-3984 • fax (817) 524-6686
warren@norredlaw.com

***Attorneys for David Schnitz,***
***Tracy Martin, and Floice Allen***

8

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General Civil Division

LESLEY FARBY
Assistant Branch Director

*/s/ Emily B. Nestler*
EMILY B. NESTLER
(D.C. Bar # 973886)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW

Washington, D.C. 20005
Tel: (202) 616-0167
Email: emily.b.nestler@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

We certify that a true and accurate copy of the foregoing document was filed electronically

(via CM/ECF) on September 9, 2022.

Emily B. Nestler
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
emily.b.nestler@usdoj.gov

Attorney for Defendants

*/s/ Charles K. Eldred*   */s/ Tony K. McDonald*
Charles K. Eldred      Tony K. McDonald

10