**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KEN PAXTON, in his official capacity as** | ) | |
| **Attorney General of Texas,** *et al.* | ) | |
| **Plaintiffs,** | ) | Civil Action No. 4:22-cv-00143-P |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **STEVEN M. DETTELBACH, in his official** | ) | |
| **Capacity as Acting Director, Bureau of** | ) | |
| **Alcohol, Tobacco, Firearms and** | ) | |
| **Explosives,** *et al.* | ) | |
| **Defendants.** | ) | |

## ANSWER

Defendants Steven M. Dettelbach, in his official capacity as Acting Director, Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF"), and Merrick B. Garland, in his official capacity as Attorney General of the United States (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Second Amended Complaint.

## FIRST DEFENSE

Plaintiffs' claims are barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

## SECOND DEFENSE

Plaintiff Paxton lacks Article III standing because the State of Texas has not alleged any direct and concrete injury, nor is the State in any immediate danger of such injury.

## THIRD DEFENSE

Plaintiffs Schnitz, Martin, and Allen (the "Individual Plaintiffs") lack standing to challenge the NFA's application requirements as applied to them, to the extent those claims are premised on allegations that some Form 1 applications have been denied, or on the basis that ATF has sought additional information from some Form 1 applicants under certain circumstances. The Individual

Plaintiffs have not alleged that they applied to pay the $200 tax and make a firearm suppressor, or that they have filed a Form 1 application that has resulted in a request for additional information or that has been denied.

**FOURTH DEFENSE**

Plaintiffs have failed to state a claim for relief based on the Second Amendment. Defendants' actions do not violate and have not violated the Second Amendment, or any other constitutional or statutory provision.

\*       \*       \*

Defendants respond to the numbered paragraphs of Plaintiffs' Second Amended Complaint as follows:

**INTRODUCTION**

1.       With respect to the first and second sentences in this paragraph, Defendants admit that the National Firearms Act (the "NFA") was enacted into law in 1934 and amended in 1968. The remainder of this paragraph is a characterization of the NFA, as amended, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

2.       The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, the allegations in this paragraph are characterizations of case law, specifically *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *New York Rifle & Piston Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which cases speak for themselves and are the best evidence of their content.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Heller* and *Bruen*, or with or other law governing this matter.

3.       The allegations in this paragraph consist of legal conclusions to which no response

is required. Moreover, the allegations in this paragraph are characterizations of case law, specifically *Bruen*, 142 S. Ct. at 2131, which case speaks for itself and is the best evidence of its content.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or with or other law governing this matter.

4.      The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in this paragraph are characterizations of case law, specifically *Bruen*, 142 S. Ct. at 2111, that case speaks for itself and is the best evidence of its content.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or with or other law governing this matter.

5.      The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, this paragraph is denied.

6.      The first three sentences of this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the first three sentence of this paragraph characterize case law, specifically *Bruen*, 142 S. Ct. at 2116, 2127, that case speaks for itself and is the best evidence of its content.  To the extent a response is deemed required with respect to the first three sentences of this paragraph, Defendants deny any allegation that is inconsistent with *Bruen* or with other law governing this matter. The fourth and fifth sentences of this paragraph are denied. Moreover, the term "often" in the fifth sentence is vague and undefined, and thus Defendant is unable to respond regarding that descriptor.

7.      The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, the allegations in this paragraph characterize case law, specifically *District of Columbia v. Heller*, 554 U.S. at 636, which case speaks for itself and is the best evidence of its content. To the extent a response is deemed required, Defendants deny the allegations in this

paragraph to the extent it quotes language from *Heller* out of context, and to the extent it is consistent with *Heller* or with other law governing this matter.

8.     The allegations in the first and second sentences of this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in those sentences characterize case law, specifically *Murdock v. Com. of Pennsylvania*, 319 U.S. 105, 113 (1943), *Heller*, 554 U.S. at 570, and *Bruen*, 142 S. Ct. at 2111, those cases speak for themselves and are the best evidence of their content. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Murdock, Bruen, Heller*, or with other law governing this matter. The third sentence of this paragraph is denied.

9.     The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in this paragraph characterize case law, specifically *Bruen*, 142 S. Ct. at 2111, that case speaks for itself and is the best evidence of its content.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or other law governing this matter.

10.     The allegations in the first and second sentences of this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in those sentences characterize case law, specifically *Bruen*, 142 S. Ct. at 2111, that case speaks for itself and is the best evidence of its content.  To the extent a response to the first and second sentences of this paragraph is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or other law governing this matter. In addition, the second sentence of this paragraph is further denied to the extent it contends ATF is abusing the process for firearm suppressor applications or otherwise engaging in that process in an improper or unlawful manner. The third sentence of this paragraph is denied. With respect to the fourth sentence in this paragraph,

Defendants admit that ATF has requested pictures of parts in connection with Form-1 applications in some circumstances, but Defendants deny that they have done so "[w]ithout any authority." The remainder of the fourth sentence of this paragraph is a characterization of the NFA, which statute speaks for itself. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA. The fifth sentence of this paragraph is denied.

11.     The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent this paragraph characterizes case law, specifically *Bruen*, 142 S. Ct. at 2111, that case speaks for itself and is the best evidence of its content. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or other law governing this matter.

12.     The first and second sentences of this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required as to the first sentence, Defendants admit that sentence and refer the Court to *United States v. Cox*, 906 F.3d 1170 (10th Cir. 2018), *United States v. Al-Azhari*, 2020 WL 7334512, (M.D. Fla. Dec. 14, 2020), and *United States v. Hasson*, 2019 WL 4573424, at *4-5 (D. Md. Sept. 20, 2019), *aff'd* 26 F.4th 610 (4th Cir. 2022). To the extent a response is deemed required as to the second sentence, it is denied. The remainder of this paragraph characterizes and draws legal conclusions based on *Heller*, 554 U.S. at 581, and *Bruen*, 142 S. Ct. at 2132, which cases speak for themselves and to which no response is required.  To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Heller*, *Bruen*, or other law governing this matter.

13.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.     This paragraph is a characterization of TEX. GOV'T CODE § 2.054, which speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit that Section 2.054 states that "[o]n written notification to the attorney general by a United States citizen who resides in this state of the citizen's intent to manufacture a firearm suppressor to which Section 2.052 applies, the attorney general shall seek a declaratory judgment from a federal district court in this state that Section 2.052 is consistent with the United States Constitution."

16.     This allegations in this paragraph consist of Plaintiffs' characterization of this action, to which no response is required.

## I. PARTIES

17.     Defendants admit that Plaintiff Ken Paxton is the Attorney General of Texas. The remainder of this paragraph characterizes TEX. GOV'T CODE § 2.054, which speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants admit that Tex. Gov't Code § 2.054 states that "[o]n written notification to the attorney general by a United States citizen who resides in this state of the citizen's intent to manufacture a firearm suppressor to which Section 2.052 applies, the attorney general shall seek a declaratory judgment from a federal district court in this state that Section 2.052 is consistent with the United States Constitution." However, to the extent this paragraph is inconsistent with Section 2.052, denied. And to the extent this paragraph suggests Texas has standing to bring the claims in this case, this paragraph is further denied.

18.     Admit.

19.     Defendants admit that Texas is a state. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

20.     Denied.

21.     Denied.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     The first sentence of this paragraph is denied. Steven M. Dettelbach is currently the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The second sentence of this paragraph is admitted. With respect to the third sentence of this paragraph, Defendants admit that the Director has been served and has appeared in this case through counsel.

26.     The first sentence of this paragraph is admitted. With respect to the second sentence, Defendants admit that ATF reports to the Attorney General and that the Attorney General has the power to initiate criminal prosecutions under some circumstances. The remainder of the second sentence consists of speculation about hypothetical prosecutions regarding undefined actions that Plaintiffs do not allege have actually occurred. Defendants lack sufficient knowledge or information to respond regarding such unspecified and hypothetical scenarios. With respect to the third sentence, Defendants admit that their counsel agreed to accept service on behalf of Defendant Garland.

## II.      JURISDICTION AND VENUE

27.      This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny that the Court has subject matter jurisdiction over this action.

28.      This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

29.      This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

30.      This paragraph consists of a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

31.      This paragraph consists of a legal conclusion regarding venue, to which no response is required. Moreover, Defendants lack knowledge or information sufficient to form a belief as to where the Individual Plaintiffs reside.

## III.      FACTUAL BACKROUND

32.      The allegations in this paragraph characterize 18 U.S.C. § 921(a)(24), which speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with 18 U.S.C. § 921.

33.      This paragraph characterizes *United States v. Syverson*, 90 F.3d 227 (7th Cir. 2996), which case speaks for itself and to which no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Syverson* or with any other law governing this matter.

34.      The allegations in this paragraph are a quote from a law review article, Stephen P.

Halbrook, *Firearm Sound Moderators: Issues of Criminalization and the Second Amendment*, 46 Cumb. L. Rev. 33 (2016) ("Halbrook"). To the extent this paragraph characterizes Halbrook, that article speaks for itself and is the best evidence of its content. Defendants admit that Halbrook contains this quote, which must be read in context. Moreover, the quoted language from Halbrook consists of irrelevant factual assertions and opinion of the author, to which no response is required.

35.     The first sentence of this paragraph characterizes cases law, which cases speak for themselves and which cases are the best evidence of their content. Accordingly no response is required. Moreover, to the extent this paragraph claims that any terminology is "common" or "commonly known," that descriptor is vague and undefined and thus Defendants are unable to respond to it. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the cited cases or other applicable law. The second sentence of this paragraph characterizes Halbrook, which article speaks for itself and is the best evidence of its content. Defendants admit that Halbrook contains the quoted language, which must be read in context.

36.     This paragraph defines terms used in Plaintiffs' complaint, to which no response is required.

37.     The allegations in this paragraph characterize Halbrook and other secondary legal resources, which sources speak for themselves and are the best evidence of their content. Moreover, this paragraph consists of irrelevant factual assertions, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     Defendants admit that some parts that may be used to make firearm suppressors are sold by merchants, and have been sold on Amazon.com. To the extent this paragraph suggests any such parts are "common" or that merchants who sell them are "ordinary," those descriptors are

vague and undefined and thus Defendants are unable to respond to them. To the extent this paragraph suggests that all available products used to make firearm suppressors are "legally available," this paragraph is denied.

39.     The first sentence of this paragraph is denied. The remainder of this paragraph quotes Exhibit 2 to Plaintiff's Complaint, which is a copy of a white paper containing the opinion of its author, which speaks for itself and is the best evidence of its content.

40.     The first sentence of this paragraph is denied. The second and third sentences of this paragraph characterize a position statement from the National Hearing Conservation Association and an article published by the CDC, which speak for themselves and are the best evidence of their content. With respect to the last sentence of this paragraph, Defendants admit that suppressors may reduce noise and/or recoil, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that sentence.

41.     This paragraph consists of irrelevant factual assertions, to which no response is required. Moreover, the term "common" is vague and undefined, and thus Defendant is unable to respond regarding that descriptor. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.     The first sentence of this paragraph contains terms that are vague and undefined, including "significant" and "costs to enforce the tax." Because Defendants do not understand what is meant by those terms, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The remainder of this paragraph quotes Exhibit 2 to Plaintiff's Complaint, which speaks for itself and is the best evidence of its content.

43.     The allegations in this paragraph are admitted.

44.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## IV. FEDERAL LAW

47.     The allegations in this paragraph are a quote from a law review article, Halbrook. To the extent this paragraph characterizes Halbrook, that article speaks for itself and is the best evidence of its content. Defendants admit that Halbrook contains this quote, which must be read in context.

48.     The allegations in this paragraph characterize the Gun Control Act of 1968, 18 U.S.C. § 921 *et seq.* (the "GCA"), which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the GCA.

49.     The allegations in this paragraph characterize the GCA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the GCA.

50.     The allegations in this paragraph characterize the GCA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the GCA.

51.     The allegations in this paragraph characterize statements made on ATF's website.

ATF's web page speaks for itself and is the best evidence of its content. The allegations in this paragraph also consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the statements on the cited web page and/or that is inconsistent with the NFA and other applicable law.

52.    The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

53.    The allegations in this paragraph consist of legal conclusions regarding the NFA and the GCA that are quoted from a book, to which no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA or the GCA.

54.    The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

55.    The first sentence of this paragraph is denied to the extent it suggests the NFA's definition of "firearm" is "unusual." The balance of this paragraph consists of legal conclusions and characterizations of the NFA that are quoted from a book, to which no response is required. The NFA speaks for itself and is the best evidence of its content. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

56.    The first sentence of this paragraph is denied. The balance of this paragraph consists of legal conclusions that characterize the legislative history of the NFA, to which no response is required. To the extent a response is deemed required, Defendants deny any allegation that the

NFA's legislative history does not support the statute's regulation of firearm suppressors.

57.     The allegations in this paragraph consist of legal conclusions and characterizations of the NFA that are quoted from a law review article, to which no response is required. The NFA speaks for itself and is the best evidence of its content. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

58.     The allegations in this paragraph characterize 18 U.S.C. § 921(a)(24), which defines "silencer" to include "any device for silencing, muffling, or diminishing the report of a portable firearm," as well as "any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." 18 U.S.C. § 921(a)(24). Section 921(a)(24) speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the GCA, the NFA, or any other applicable law. Moreover, to the extent this paragraph suggests that a metal pipe is a "firearm" under the NFA even if it is not amongst "a combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler" or that is not a "part intended only for use in such assembly or fabrication," this paragraph is denied.

59.     Defendants admit that the NFA was amended by the GCA to include taxation for the making of suppressors for non-commercial use. The balance of this paragraph characterizes the NFA and the GCA, which statutes speak for themselves and which are the best evidence of their content. Accordingly, no further response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and the GCA.

60.     The allegations in this paragraph characterize the NFA and the GCA, which statutes

speak for themselves and which are the best evidence of their content. Accordingly, no further response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and the GCA.

61.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent this paragraph characterizes the NFA, the statute speaks for itself and is the best evidence of their content. Accordingly, no further response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

62.     The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

63.     The allegations in this paragraph characterize the definitions in 26 U.S.C. § 7701(a)(11)(B) and § 7801(a)(2)(A)(i), which statutes speaks for themselves and are the best evidence of their content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with 26 U.S.C. § 7701(a)(11)(B) and § 7801(a)(2)(A)(i).

64.     Admit.

65.     The allegations in this first sentence of this paragraph characterize 27 C.F.R. § 479.64, which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law. With respect to the second sentence of this paragraph, Defendants admit that Exhibit 3 appears to be a copy of Form 1.

66.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(b)(1), which

14

regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

67.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(b)(2), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

68.     The allegations in this paragraph characterize 27 C.F.R. § 479.63(a), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

69.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(b)(3), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

70.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(b)(4), (5), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

71.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(b)(6), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

72.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(c), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and related regulations, or any other applicable law. Moreover, to the extent Plaintiff suggests Section 479.62(c) is not consistent with or authorized by statute or rule, this paragraph is denied.

73.     This paragraph is denied. Defendants refer the Court to Instruction 2f on ATF Form 1, which states: "the Social security number and UPIN are not required." Moreover, to the extent this paragraph suggests that any aspect of the Form 1 is not consistent with or authorized by statute or rule, denied.

74.     Defendants admit that ATF Form 1 includes a line item for race or ethnicity. To the extent this paragraph suggests that any aspect of the Form 1 is not consistent with or authorized by statute or rule, denied.

75.     The allegations in this paragraph characterize 27 C.F.R. § 479.62(d), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

76.     The allegations in this paragraph characterize 27 C.F.R. § 479.64, which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

77.     The allegations in this paragraph characterize 27 C.F.R. § 479.64 and § 479.65, which regulations speaks for themselves and are the best evidence of their content. Accordingly,

no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations, or any other applicable law.

78.     To the extent this paragraph suggests all Form 1 applications are approved or denied in two to four weeks, this paragraph is denied. The time it takes to approve or deny any Form 1 application varies depending on the circumstances.

79.     Admit.

80.     Defendants admit that ATF denied approximately 845 Form 1 applications to make firearms suppressors on February 28, 2022.

81.     Defendants admit that ATF sent a letter to approximately 1,901 email addresses associated with pending Form 1 applications on March 3, 2022, which contained the language quoted in this paragraph except that the first sentence of the second paragraph of the letter reads "NFA Division requests that you provide certain additional information . . . ." not "NFA Division requires that you provide certain additional information . . . ."

82.     This allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that ATF's request for additional information from Form 1 applicants is not authorized by and/or is inconsistent with the NFA and its implementing regulations.

83.     The allegations in the first part of this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response to those allegations is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA, or any other applicable law. With respect to the second part of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations regarding what Plaintiffs' concerns may be and the nature of any such purported concerns.

84.     Defendants deny that ATF extends the application process or seeks any information other than as necessary and appropriate to consider any particular Form 1 application in accordance with the applicable statutory and regulatory framework.

85.     The allegations in this paragraph characterize 26 U.S.C § 4181, § 4182, and the NFA, which statutes speak for themselves and are the best evidence of their content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with § 4181, § 4182, and/or the NFA.

86.     Defendants admit the allegations in the first sentence of this paragraph. The remainder of this paragraph characterizes the NFA and its implementing regulations, which statute and regulations speak for themselves and are the best evidence of their content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations.

87.     The allegations in this paragraph consist of a quote from a law review article, Halbrook. To the extent this paragraph characterizes Halbrook, that article speaks for itself and is the best evidence of its content. Defendants admit that Halbrook contains this quote, which must be read in context. However, Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     The allegations in this paragraph characterize information set forth in Halbrook, which suggests that "the average price of a suppressor" before the enactment of the NFA was approximately $5. Defendants admit that Halbrook contains that suggestion, which must be read in context. However, Defendants otherwise lack knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph.

89.     Admit.

90.     The allegations in this paragraph characterize 26 U.S.C § 4182 and the NFA, which statutes speak for themselves and are the best evidence of their content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with § 4182 and/or the NFA.

91.     Defendants admit that each maker of a firearm suppressor is required to "register each firearm [suppressor] he [] makes, 26 U.S.C. § 5841(b), and that approval of an application to make and register a firearm suppressor, which is submitted alongside the $200 tax, "shall effectuate registration of the firearm to the applicant," 27 C.F.R. § 479.62.

92.     Defendants admit the allegations in the first sentence of this paragraph. The remaining allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

93.     The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

94.     The allegations in this paragraph characterize the NFA and its implementing regulations, which statute and regulations speak for themselves and are the best evidence of their content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations.

95.     The allegations in this paragraph characterize the NFA and its implementing regulations, which statute and regulations speak for themselves and are the best evidence of their

content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA and its implementing regulations.

96.     Defendants admit that firearms suppressors made pursuant to the NFA's requirements must be marked with a serial number.

97.     The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

98.     The allegations in this paragraph characterize 27 C.F.R. § 479.102(a), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with § 479.102(a).

99.     The allegations in this paragraph characterize 27 C.F.R. § 479.102(b), which regulation speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with § 479.102(b).

100.     The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

101.     The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

102.     The allegations in this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a

response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

## V. TEXAS LAW

103.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.001(2), which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.001(2).

104.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.001(4), which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.001(4).

105.    The first two sentences of this paragraph characterize the NFA, which statute speaks for itself and is the best evidence of its content. The third sentence of this paragraph characterizes the Texas Government Code, which code speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the NFA or the Texas Government Code.

106.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.051, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.001(4).

107.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.001(3), which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.001(3).

108.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.052, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.052. Moreover, to the extent this paragraph suggests TEX. GOV'T CODE § 2.052 nullifies or supersedes federal laws that regulate firearms suppressors made in Texas, this paragraph is denied.

109.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.052, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.052. Moreover, to the extent this paragraph suggests TEX. GOV'T CODE § 2.052 nullifies or supersedes federal laws that regulate firearms suppressors made in Texas, this paragraph is denied.

110.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.053, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.053.

111.    The allegations in this paragraph characterize TEX. GOV'T CODE § 2.054, which statute speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with TEX. GOV'T CODE § 2.054. Moreover, to the extent this paragraph suggests TEX. GOV'T CODE § 2.054 is consistent with the United States Constitution, this paragraph is denied.

112.    Defendants admit that Exhibit 4 appears to be a copy of a letter that ATF sent on July 28, 2021. The balance of this paragraph characterizes and quotes from Exhibit 4. Exhibit 4

speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the content of Exhibit 4.

## VI.   REVIEW OF LAWS THAT REGULATE THE RIGHT TO KEEP AND BEAR ARMS FOR SELF-DEFENSE

113.   The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent this paragraph characterizes case law, specifically *Murdock v. Com. of Pennsylvania*, 319 U.S. 105, 113 (1943) and *District of Columbia v. Heller*, 554 U.S. 570 (2008), those cases speak for themselves and are the best evidence of their content. To the extent a response is deemed required, this paragraph is denied.

114.   The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent this paragraph characterizes case law, specifically *Bruen*, 142 S. Ct. at 2127, *Bruen* speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or with other law governing this matter.

115.   The allegations in this paragraph characterize case law, *Bruen*, 142 S. Ct. at 2132. *Bruen* speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or with other law governing this matter.

116.   The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent this paragraph characterizes case law, specifically *Bruen*, 142 S. Ct.at 2111, *Bruen* speaks for itself and is the best evidence of its content. Accordingly, no further response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or with other law governing this matter.

117.    The allegations in this paragraph characterize case law, specifically *Bruen*, 142 S. Ct. 2133. *Bruen* speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen* or with other law governing this matter.

118.    The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in those sentences characterize case law, specifically *Bruen*, 142 S. Ct. 2135, *Bruen* speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen*, or with or other law governing this matter.

119.    The first, second, and third sentences of this paragraph consist of legal conclusions to which no response is required. Moreover, the first sentence of this paragraph characterizes case law, specifically *Bruen*, 142 S. Ct. at 2130, which case speaks for itself and is the best evidence of its content. To the extent a response is deemed required, Defendants deny any allegation in the first sentence that is inconsistent with *Bruen* or with other law governing this matter, and the second and third sentences of this paragraph are denied. With respect to the fourth sentence of this paragraph, Defendants admit that the NFA was enacted into law in 1934 and amended in 1968. The NFA as amended speaks for itself and is the best evidence of its content. Accordingly, no further response is required. To the extent further response is deemed required, Defendants deny any allegation that is inconsistent with the NFA.

120.    The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in this paragraph characterize case law, specifically *Bruen*, 142 S. Ct. at 2150, *Bruen* speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants

deny any allegation that is inconsistent with *Bruen*, or with or other law governing this matter.

121.    The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, to the extent the allegations in this paragraph characterize case law, specifically *Bruen*, 142 S. Ct. at 2111 and *Minneapolis Star & Tribune, Co. v. Minnesota Com'r of Revenue*, 460 U.S. 575 (1983), those cases speak for themselves and are the best evidence of their content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen*, *Minneapolis Star & Tribune Co.*, or with or other law governing this matter.

122.    The first and second sentences of this paragraph consist of of legal conclusions and characterizations of *Bruen*, 142 S. Ct. at 2138, to which no response is required. *Bruen* speaks for itself and is the best evidence of its content. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with *Bruen*, or with or other law governing this matter. The third sentence of this paragraph is denied.

123.    Defendants admit that possessing firearm suppressors is legal in some states, under circumstances in which the possessor of a firearm suppressor satisfies the applicable federal and state laws associated therewith. With respect to the remaining allegations in this paragraph, denied.

124.    To the extent this paragraph assumes the date of suppressors' invention, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. The remainder of this paragraph is denied.

125.    The allegations in this paragraph contain descriptors that are vague and undefined, including "widely accepted," and "commonly." Because Defendants do not understand what is meant by those terms, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent this paragraph alleges that firearm

suppressors are very infrequently used in criminal activity, denied. With respect to the last sentence, Defendants admit only that firearm suppressors are used by law enforcement, the military, and citizens in some circumstances.

## VII. CLAIMS

### COUNT I

126.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

127.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

128.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

129.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

130.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

131.    The first sentence of this paragraph characterizes 18 U.S.C. § 921(a)(24), which defines "silencer" to include "any device for silencing, muffling, or diminishing the report of a portable firearm," as well as "any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication." 18 U.S.C. § 921(a)(24). Section 921(a)(24) speaks for itself and is the best evidence of its content. Accordingly, no response is required. To the extent a response is deemed required, Defendants deny any allegation that is inconsistent with the GCA, the NFA, or any other applicable law. With respect to the second sentence of this paragraph,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence. The third sentence of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that "the federal government impos[es] a Catch 22 on Texans," and further deny that any purported actions by the federal government as alleged in the Plaintiffs' Second Amended Complaint violate Texans' constitutional rights.

132.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

133.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

## COUNT II

134.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

135.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

136.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

137.     The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, the allegations in this paragraph are based on the incorrect premise that the NFA's tax is "a direct federal tax[] on the exercise of a constitutional right," which is denied.

138.     The allegations in this paragraph consist of legal conclusions to which no response is required. Moreover, Defendants do not understand the allegations in this paragraph as written and therefore lack knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph.

139.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

140.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

141.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

142.    With respect to the first sentence of this paragraph, Defendants admit that the $200 is a tax. The second sentence of this paragraph consists of irrelevant factual assertions about a hypothetical scenario, to which no response is required. To the extent a response is deemed required, the second sentence of this paragraph is denied.

143.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

<u>**COUNT III**</u>

144.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

145.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

146.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

147.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

148.    The allegations in this paragraph consist of legal conclusions to which no response

is required. To the extent a response is deemed required, denied.

149.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

150.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

## COUNT IV

151.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

152.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

153.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

154.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

155.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

156.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

157.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

## VIII.   PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested in their Prayer for Relief, or to any relief whatsoever.

*       *       *

Defendants hereby specifically deny each and every allegation in the Complaint not expressly admitted or denied in their Answer, or to which it has responded that it has insufficient information to admit or deny.

DATED: October 24, 2022                    Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General
                                           Civil Division

                                           LESLEY FARBY
                                           Assistant Branch Director

                                           */s/ Emily B. Nestler*
                                           EMILY B. NESTLER (NY Bar # 4398095)
                                           Trial Attorney
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street, NW
                                           Washington, D.C. 20005
                                           Tel: (202) 616-0167
                                           Email: emily.b.nestler@usdoj.gov

                                           *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

On October 24, 2022, I electronically submitted the foregoing with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Emily B. Nestler*
EMILY B. NESTLER