

THE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

| | |
|---|---|
| **JOHNATHAN STONE** | PHONE: (512) 463-2120 |
| ASSISTANT ATTORNEY GENERAL | FAX: (512) 320-0667 |
| GENERAL LITIGATION DIVISION | EMAIL: Johnathan.Stone@oag.texas.gov |

June 26, 2023

By Electronic Filing
The Hon. Mark T. Pittman
United States District Judge
United States District Court for the Northern District of Texas
501 West 10th Street, Room 401
Fort Worth, Texas 76102-3673

    Re:    *Paxton, et al v. Dettelbach, et al*
               Civil Case No. 4:22-cv-143-P

Dear Judge Pittman:

The State of Texas and the individual plaintiffs respectfully move for leave of court in order to submit this letter brief providing additional materials in support of the Plaintiffs' motion for summary judgment.

At the Court's June 15th hearing, you outlined three primary questions for the parties. We would like to provide some additional materials responding to two of those questions.

## 1.    Does at least one plaintiff have standing?

In addition to the materials outlined in the Plaintiffs' briefing, the Plaintiffs would direct the Court to the Supreme Court's recent April 14, 2023, decision in *Axon Enter. v. FTC*, 143 S. Ct. 890 (2023). The standing principles regarding this challenge alleging BATFE's administrative process is constitutionally deficient should be examined in light of the Court's holding in *Axon*. There the court held unanimously that plaintiffs could bring "fundamental, even existential" claims to the administrative process through a collateral attack in district court. *Id.* at 897. Because the parties were not seeking to rebut a particular administrative decision but rather were seeking to challenge whether they were subject to an "illegitimate proceeding," the Court unanimously allowed the challenges to proceed. Similarly, the Court here should find that the plaintiffs have standing to bring their constitutional challenges to the federal governments' regulation of firearm suppressors without requiring Plaintiffs to subject themselves to that allegedly unconstitutional process.

2.     **Does the AIA Apply?**

Plaintiffs rest on their pleadings in arguing (1) the AIA simply does not apply to the application requirement (Count I), the registration requirement (Count III), or the serial-number requirement (Count IV); and (2) the AIA does not apply to any of the Counts under the *Enochs* exception. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962).

3.     **Are regulations of firearm suppressors subject to the 2nd Amendment?**

Plaintiffs continue to urge the court that the question of whether a firearm suppressor is itself an "arm" is not the proper question post-*Bruen*. The Second Amendment protects conduct, not particular devices. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022) ("[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.").

However, to the extent the Court examines whether firearms suppressors meet the definition of "arms," the answer is yes. In *Bruen*, the Court defined "arms" broadly to include "**modern instruments that facilitate armed self-defense**." *Id.* at 2132 (emphasis added). Previously, the Court had already recognized the historical inclusion of "armour of defence" within the definition of arms, showing the definition is not limited to completed weapons. *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

Accordingly, because a firearm suppressor is a "modern instrument that facilitate[s] armed self-defense," it is an "arm" according to the Court's most recent definition in *Bruen*.

/s/ Johnathan Stone
**JOHNATHAN STONE**
Assistant Attorney General
General Litigation Division
State Bar No. 24071779
Office of the Attorney General
P.O. Box 12548
Austin, TX  78711-2548
(512) 936-1706 • fax (512) 320-0167
Johnathan.Stone@oag.texas.gov

***Attorneys for Ken Paxton,***
***Attorney General of Texas***